Santiago **ALAMAGUER–LOZANO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–73784.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

Kevin A. Bove, Esq., Escondido, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Santiago Almaguer–Lozano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Almaguer–Lozano contends that the IJ erred as a matter of law in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Almaguer–Lozano testified that he was apprehended by immigration authorities and returned to Mexico multiple times after he initially entered the United States and before the issuance of the Notice to Appear. The IJ concluded that these apprehensions and returns constituted a break in Almaguer–Lozano's continuous physical presence such that he failed to meet the requisite ten-years before issuance of the Notice to Appear.

We recently held that the fact that an alien is turned around at the border does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in contin-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

uous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Almaguer–Lozano's returns to Mexico by immigration officials were the result of "turn-arounds," as discussed in *Tapia,* or administrative voluntary departures, as discussed in *Vasquez–Lopez.* Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of Almaguer–Lozano's contact with immigration officials in 1996. On remand, both parties are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

**PETITION FOR REVIEW GRANTED; REMANDED.**